| | |
|---|---|
| **ROB BONTA**<br>*Attorney General* | **State of California**<br>**DEPARTMENT OF JUSTICE** |

300 SOUTH SPRING STREET, SUITE 1702<br>
LOS ANGELES, CA 90013-1230<br>
<br>
Public: (213) 269-6000<br>
Telephone: (213) 269-6138<br>
E-Mail: Mica.Moore@doj.ca.gov

March 12, 2024

<u>V**ia CM/ECF**</u>
Molly Dwyer, Clerk of Court
Office of the Clerk
U.S. Court of Appeals for the Ninth Circuit
P.O. Box 193939
San Francisco, CA 94119-3939

RE: *Duncan, et al. v. Bonta*, No. 23-55805
En Banc Argument Scheduled March 19, 2024
<u>Citation of Supplemental Authority</u>

Dear Ms. Dwyer:

      Appellant writes to notify the Court of the decision in *Ocean State Tactical, LLC v. Rhode Island*, No. 23-1072, ___ F.4th ___, 2024 WL 980633 (1st Cir. March 7, 2024). The First Circuit held that plaintiffs were unlikely to succeed on their Second Amendment and Takings Clause claims regarding a Rhode Island restriction on large-capacity magazines that is nearly identical to the California law challenged in *Duncan*.

      With respect to the Second Amendment claim, the First Circuit rejected plaintiffs' argument "that a weapon cannot be banned once a large number of people own it" as "contraven[ing] case law in addition to logic." *Ocean State*, 2024 WL 980833, at *9; *see* OB 23-25; Reply 14-15. The court assumed without deciding that large-capacity magazines are presumptively protected by the Second Amendment at the first stage of the *Bruen* framework, and analyzed whether the challenged law "is consistent with our history and tradition" at the second stage of the framework. *Ocean State*, 2024 WL 980833, at *3. After surveying historical analogues, the court concluded that "analogical reasoning very likely places LCMs well within the realm of devices that have historically been prohibited once their danger became manifest." *Id.* at *8. It explained that "the burden on self-defense imposed by [the challenged law] is no greater than the burdens of longstanding, permissible arms regulations, and its justification compares favorably with the justification for prior bans on other arms found to pose growing threats to public safety." *Id.*; *see* OB 31-48.

      The First Circuit also held that Rhode Island's law "likely effects neither a physical taking nor a regulatory taking." *Ocean State*, 2024 WL 980833, at *11; *see* OB 54. The Court emphasized that "LCM owners have the option to sell, transfer, or modify their magazines," and the law "does not effect a physical taking just because Rhode Island offered to assist LCM owners with the safe disposal of their soon-to-be-proscribed weapons." *Ocean State*, 2024 WL

March 12, 2024
Page 2

980833, at *11; *see id.* (law is "the very type of use restriction that property owners must 'necessarily expect[] . . . from time to time'").

       Sincerely,

       */s/ Mica L. Moore*

       MICA MOORE
       Deputy Solicitor General

   For  ROB BONTA
       Attorney General

cc: All Counsel of Record (via CM/ECF)