Clement & Murphy
PLLC

March 8, 2024

**By CM/ECF**

Molly Dwyer, Clerk of Court
Office of the Clerk
U.S. Court of Appeals for the Ninth Circuit
P.O. Box 193939
San Francisco, CA 94119-3939

Re: *Duncan, et al. v. Bonta*, No. 23-55805

Dear Ms. Dwyer:

Plaintiffs-Appellees respond to California's FRAP 28(j) letter regarding *Ocean State Tactical v. Rhode Island*, 2024 WL 980633 (March 7, 2024) ("*OST*"). The First Circuit upheld Rhode Island's ban on ammunition feeding devices capable of holding more than ten rounds. But in so holding, it dismissed as irrelevant the American people's overwhelming choices of how to defend themselves, in favor of looking only to how many rounds are typically discharged in self-defense situations. *Id.* at *4. That view is flatly inconsistent with *Heller* and *Bruen*.

*Heller* made clear that the only arms "the Second Amendment does not protect" are those "not typically possessed by law-abiding citizens for lawful purposes." *District of Columbia v. Heller*, 554 U.S. 570, 625 (2008). The focus of the inquiry is on what law-abiding citizens "typically possess[]." Any doubt on that score was erased by *Bruen*, which reiterated that "the Second Amendment protects the possession and use of weapons that are 'in common use.'" *NYSRPA v. Bruen*, 597 U.S. 1, 21 (2022) (quoting *Heller*, 554 U.S. at 627). The *OST* court thought that what people possess is not as relevant as how often they are forced to fire it in self-defense. But the Second Amendment protects the right "to keep and bear Arms," not just to fire them when the need for self-defense arises. U.S. Const. amend. II.

As to the Takings Clause, *OST* confuses physical and regulatory takings. The court posited that being forced to destroy a magazine's "excess" capacity is the "type of use restriction that property owners must necessarily expect[]." *OST*, 2024 WL 980633 at *11. But "[w]hatever … reasonable expectations" people may have "with regard to regulations" of how they may *use* their property, "people still do not expect their property, real or personal, to be actually occupied or taken away." *Horne v. Dep't of Agriculture*, 576 U.S. 350, 361 (2015). The state could not escape paying just compensation if it ordered all homeowners to either destroy their basements by filling them with concrete or surrender their homes. Forcing someone to destroy part of a magazine to keep the rest is no different.

March 18, 2024
Page 2 of 2

                                            Respectfully submitted,

                                            <u>s/Erin E. Murphy</u>
                                            Erin E. Murphy

cc: All counsel of record (by CM/ECF)