**Clement & Murphy**
PLLC

June 26, 2024

**VIA ECF**

Molly Dwyer
Clerk of Court
Office of the Clerk
U.S. Court of Appeals for the Ninth Circuit
P.O. Box 193939
San Francisco, CA 94119-3939

    Re:    *Duncan v. Bonta*, No. 23-55805

Dear Ms. Dwyer:

    The AG misreads *United States v. Rahimi*, No. 22-915 (U.S. June 21, 2024), which confirms that California Penal Code §32310 is unconstitutional.

    First, *Rahimi* makes clear that the government always "bears the burden to 'justify its regulation'" when it "regulates arms-bearing conduct." Op.6-7. *Rahimi* also confirms that the Second Amendment "'extends, prima facie, to all instruments that constitute bearable arms,'" even those not yet "in existence at the founding." Op.7 (quoting *District of Columbia v. Heller*, 554 U.S. 570, 582 (2008)). That defeats the AG's contention that this Court can uphold §32310 without even engaging with our Nation's historical tradition of firearm regulation.

    The AG's summary of *Rahimi*'s historical-tradition analysis also misses the critical point. To be sure, *Rahimi* explains that "the appropriate analysis involves considering whether the challenged regulation is consistent with the principles that underpin our regulatory tradition." Op.7. But the law in *Rahimi* was permissible because there is a regulatory tradition of restricting firearm possession and use by those "found by a court to present a threat to others." Op.13. Section 32310, by contrast, prohibits law-abiding citizens who have never been found to pose any threat to anyone from keeping or bearing feeding devices that not only enable the quintessential self-defense weapons to function as intended, but are ubiquitous in modern America. And when it comes to laws that prohibit law-abiding citizens from keeping or bearing a class of arms outright, the Supreme Court has been explicit about *both* what our Nation's regulatory tradition is *and* what "principle[] … underpin[s]" that tradition: The relevant "historical tradition" is "of prohibiting the carrying of 'dangerous and unusual weapons,'" and the principle that underpins it is "that the Second Amendment protects the possession and use of weapons that are 'in common use at the time.'" *NYSRPA, Inc. v. Bruen*, 597 U.S. 1, 21 (2022) (quoting *Heller*, 554 U.S. at 627); *see also* op.7; Kavanaugh.conc.22.

    Because nothing in *Rahimi* purports to disturb that principle, California's ban on feeding devices that are unquestionably in common use today remains flatly inconsistent with our Nation's regulatory tradition and the principles underpinning it.

Molly Dwyer
June 26, 2024
Page 2 of 2

        Respectfully submitted,

        <u>s/Erin E. Murphy</u>
        Erin E. Murphy

        *Counsel for Appellees*

Cc: All Counsel of Record

706 Duke Street • Alexandria, VA 22314
202.742.8900 • www.clementmurphy.com