**Clement & Murphy**
PLLC

August 16, 2024

**VIA ECF**

Molly Dwyer
Clerk of Court
Office of the Clerk
U.S. Court of Appeals for the Ninth Circuit
P.O. Box 193939
San Francisco, CA 94119-3939

    Re:    *Duncan v. Bonta*, No. 23-55805

Dear Ms. Dwyer:

    The Attorney General's short summary of *Bianchi v. Brown*, No. 21-1255 (4th Cir. Aug. 6, 2024) (en banc), lays bare the fundamental problems with that decision. As the Attorney General dutifully recounts, the Fourth Circuit held that states may ban any and all arms that, in legislators' (and judges') view, have "an inordinate toll on public safety and societal well-being," provided that states "preserv[e] avenues for armed self-defense." Dkt. 88 (quoting slip op. 3, 13). That is just means-end scrutiny by another name. Asking whether conduct has had (what judges perceive to be) "inordinate" effects on "societal well-being" is no different from asking whether a state has (what judges perceive to be) a strong enough interest in restricting that conduct. And asking whether a law leaves (what judges perceive to be) sufficient "avenues for armed self-defense" is just another way of asking whether a law burdens more constitutionally protected conduct than (judges perceive to be) necessary to serve the state's interest. None of that is consistent with the Supreme Court's directives. *Bruen* was not an invitation for lower courts to do everything just the same as before, but with some new window dressing. When the Supreme Court rejected means-end balancing as "one step too many," *N.Y. State Rifle & Pistol Ass'n v. Bruen*, 597 U.S. 1, 19 (2022), it took "out of the hands of government … the power to decide" what the people really need for their own self-defense, *id.* at 23 (quoting *District of Columbia v. Heller*, 554 U.S. 570, 634 (2008)). Courts must now assess whether a law is consistent with "this Nation's historical tradition of firearm regulation," *id.* at 17, and they cannot circumvent that mandate by purporting to locate in that history the very means-ends balancing that *Bruen* rejected. The Fourth Circuit's decision flies in the face of that principle. In stark contrast, the district court's decision in this case carefully and correctly applied the lessons of *Bruen*. This Court should affirm.

                                                 Respectfully submitted,

                                                s/Erin E. Murphy
                                                Erin E. Murphy

                                                *Counsel for Appellees*

Cc: All Counsel of Record

---

706 Duke Street • Alexandria, VA 22314
202.742.8900 • www.clementmurphy.com