# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

VIRGINIA DUNCAN; PATRICK LOVETTE;
DAVID MARGUGLIO; CHRISTOPHER WADDELL;
CALIFORNIA RIFLE & PISTOL ASSOCIATION, INC., a California Corporation,

*Plaintiffs-Appellees*,

v.

ROB BONTA, in his official capacity as
Attorney General of the State of California,

*Defendant-Appellant.*

On Appeal from the United States District Court
For the Southern District of California
No. 3:17-cv-01017-BEN-JLB

## APPELLEES' UNOPPOSED MOTION TO PARTIALLY STAY ISSUANCE OF THE MANDATE OR, IN THE ALTERNATIVE, FOR A BRIEF ADMINISTRATIVE STAY

| | |
|---|---|
| C.D. MICHEL | PAUL D. CLEMENT |
| ANNA M. BARVIR | ERIN E. MURPHY |
| SEAN A. BRADY | *Counsel of Record* |
| MICHEL & ASSOCIATES, P.C. | CLEMENT & MURPHY, PLLC |
| 180 East Ocean Blvd., Suite 200 | 706 Duke Street |
| Long Beach, CA 90802 | Alexandria, VA 22314 |
| (562) 216-4444 | (202) 742-8900 |
| | erin.murphy@clementmurphy.com |

*Counsel for Plaintiffs-Appellees*

April 8, 2025

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................... ii

INTRODUCTION .................................................................................................. 1

BACKGROUND .................................................................................................... 3

ARGUMENT .......................................................................................................... 7

I.  This Case Once Again Presents Substantial Questions ................................. 8

II. Good Cause Once Again Supports Partially Staying The Mandate ............. 10

CONCLUSION ..................................................................................................... 13

CERTIFICATE OF COMPLIANCE

CERTIFICATE OF SERVICE

# TABLE OF AUTHORITIES

**Cases**

*Bianchi v. Brown*,
 111 F.4th 438 (4th Cir. 2024) .................................................................................9

*Bryant v. Ford Motor Co.*,
 886 F.2d 1526 (9th Cir. 1989) .................................................................................7

*Cedar Point Nursery v. Hassid*,
 594 U.S. 139 (2021) ...............................................................................................10

*Duncan v. Becerra*,
 2019 WL 1510340 (S.D. Cal. Apr. 4, 2019) ...........................................................5

*Duncan v. Becerra*,
 265 F.Supp.3d 1106 (S.D. Cal. 2017) .....................................................................4

*Duncan v. Becerra*,
 366 F.Supp.3d 1131 (S.D. Cal. 2019) .....................................................................4

*Duncan v. Becerra*,
 742 F.App'x 218 (9th Cir. 2018) .............................................................................4

*Duncan v. Becerra*,
 970 F.3d 1133, 1140 (9th Cir. 2020) .......................................................................5

*Duncan v. Becerra*,
 988 F.3d 1209 (9th Cir. 2021) .................................................................................5

*Duncan v. Bonta*,
 --- F.4th ---, 2025 WL 867583 (9th Cir. Mar. 20, 2025) ....................................6, 9

*Duncan v. Bonta*,
 142 S.Ct. 2895 (June 30, 2022) ...............................................................................6

*Duncan v. Bonta*,
 19 F.4th 1087 (9th Cir. 2021) ..................................................................................5

*Duncan v. Bonta*,
 49 F.4th 1228 (9th Cir. 2022) ..................................................................................6

*Duncan v. Bonta*,
 695 F.Supp.3d 1206 (S.D. Cal. 2023)......................................................................6

*Duncan v. Bonta*,
 83 F.4th 803 (9th Cir. 2023).....................................................................................6

*Elrod v. Burns*,
 427 U.S. 347 (1976)................................................................................................11

*Hanson v. District of Columbia*,
 120 F.4th 223 (D.C. Cir. 2024)................................................................................9

*Hanson v. District of Columbia*,
 No. 24-936 (U.S.) ................................................................................................2, 8

*Harrel v. Raoul*,
 144 S.Ct. 2491 (2024)........................................................................................ 9, 10

*Melendres v. Arpaio*,
 695 F.3d 990 (9th Cir. 2012)..................................................................................11

*N.Y. State Rifle & Pistol Ass'n v. Bruen*,
 597 U.S. 1 (2022).....................................................................................................5

*Ocean State Tactical v. Rhode Island*,
 No. 24-131 (U.S.) ................................................................................................2, 8

*Snope v. Brown*,
 No. 24-203 (U.S.) ....................................................................................................8

*Taylor v. Westly*,
 488 F.3d 1197 (9th Cir. 2007)................................................................................11

*United States v. Pete*,
 525 F.3d 844 (9th Cir. 2008)....................................................................................7

**Statutes**

Cal. Penal Code §16740............................................................................................3

Cal. Penal Code §32310............................................................................................3

Cal. Penal Code §32310(a) .......................................................................................3

Cal. Penal Code §32310(d) ............................................................................... 3

Cal. Penal Code §32310(c) ................................................................................3

**Rules**

Fed. R. App. P. 41(d)(1) ....................................................................................7

9th Cir. Rule 41-1 ..............................................................................................7

# INTRODUCTION

Pursuant to Federal Rule of Appellate Procedure 41(d) and Ninth Circuit Rule 41-1, Plaintiffs-Appellees respectfully ask this Court once again to partially stay issuance of the mandate pending the filing and disposition of a timely petition for a writ of certiorari. This motion is unopposed, and it is amply justified.

While most of California's magazine ban has been in effect throughout most of this case, the ban on possession as applied to individuals who lawfully acquired now-prohibited magazines when it was lawful to do so has never gone into effect. In the first round of litigation, the district court preliminarily enjoined that retroactive aspect of the possession ban before it was scheduled to take effect, and a panel of this Court affirmed on interlocutory appeal. In the next round, the district court granted summary judgment for Plaintiffs, enjoining enforcement of the law in its entirety; and while the state sought to stay most of that judgment, it did not ask to stay the injunction as to the retroactive aspect of the possession ban. Then, after the en banc Court reversed, it stayed the issuance of its mandate pending certiorari as applied to the retroactive aspect. Finally, after the Supreme Court GVR'd and the district court permanently enjoined the law in its entirety, the state again sought a stay—but again only in part; the state did not ask to stay the injunction with respect to the retroactive aspect of the possession ban, which has never taken effect. In light

of all that, staying the mandate to the same limited extent as this Court did before would simply preserve the status quo while Plaintiffs seek Supreme Court review.

Nor is there any question that the stay factors are satisfied. As is clear from the close division this case has produced across the multiple panels to consider it, Plaintiffs' petition unquestionably will present substantial constitutional issues, including issues presented in two petitions that have been pending before the Supreme Court for several months. *See Ocean State Tactical v. Rhode Island*, No. 24-131 (U.S.); *Hanson v. District of Columbia*, No. 24-936 (U.S.). It is equally clear that there is good cause for a stay of the retroactive aspect of the possession ban. If that ban takes effect as to the Plaintiffs and their members who lawfully acquired now-prohibited magazines only to later be invalidated by the Supreme Court, those individuals could be irrevocably deprived of their constitutionally protected property without compensation. Continuing to preserve the status quo while the Supreme Court considers these weighty constitutional issues thus will best serve the interests of orderly judicial review. Nevertheless, if this Court disagrees, it should at a minimum grant an administrative stay to give Plaintiffs time to seek interim relief from the Supreme Court itself.

As noted at the outset, Plaintiffs have conferred with Defendant-Appellant, and Defendant-Appellant does not oppose this request to partially stay issuance of the mandate while Plaintiffs seek Supreme Court review.

## BACKGROUND

Since January 1, 2000, California has banned the manufacture, importation, sale, and transfer of "any ammunition feeding device with the capacity to accept more than 10 rounds," with some exceptions not relevant here. Cal. Penal Code §§32310, 16740. The 2000 version of the law operated as a prospective ban on *acquisition* of the prohibited magazines, but it did not prohibit *possession* of them. Accordingly, while individuals who did not already possess prohibited magazines could no longer legally obtain them, citizens who had obtained such magazines before the law took effect could continue to keep them.

In July 2016, however, California amended the law to prohibit even the mere possession of magazines capable of holding more than ten rounds of ammunition, with no grandfather clause, thus prohibiting continued possession by those who had lawfully obtained them. As a result, anyone in possession of a magazine capable of holding more than ten rounds had to physically dispossess themselves of their property by surrendering it to law enforcement for destruction, removing it from the state, or selling it to a licensed firearms dealer. *Id.* §32310(a), (d). Failure to do so is a crime punishable by up to a year in prison and/or fines. *Id.* §32310(c).

Plaintiffs sued to enjoin enforcement of California's restrictions on the acquisition and possession of the banned magazines, alleging that the law violates the Second Amendment and the Takings Clause. Both the individual Plaintiffs and

3

many members of associational Plaintiff California Rifle & Pistol Association either had acquired now-banned magazines when it was lawful to do so and wished to continue to possess them or would acquire such magazines if the law did not prohibit them from doing so. While Plaintiffs challenged the ban as a whole, they moved for a preliminary injunction *only* on the ban's retrospective and confiscatory aspects—i.e., application of the possession ban to those who lawfully acquired the now-banned magazines when it was permissible to do so. The district court granted the limited preliminary injunction Plaintiffs sought, thus ensuring that those law-abiding citizens would not be dispossessed of their property before their constitutional challenges could be resolved conclusively. *Duncan v. Becerra*, 265 F.Supp.3d 1106, 1139 (S.D. Cal. 2017). A panel of this Court affirmed, agreeing that the law likely violated both the Second Amendment and the Takings Clause. *Duncan v. Becerra*, 742 F.App'x 218, 220-22 (9th Cir. 2018).

Meanwhile, Plaintiffs assembled a thorough record on the history and constitutional protection of the banned magazines. After reviewing that voluminous record, the district court granted summary judgment to Plaintiffs, holding that the ban violates both the Second Amendment and the Takings Clause. *Duncan v. Becerra*, 366 F.Supp.3d 1131 (S.D. Cal. 2019). The state appealed and asked the district court to grant a partial stay pending appeal that would leave the injunction in place (as it had been from the outset) as to the state's effort to require individuals

who lawfully obtained now-banned magazines to dispossess themselves of them. The district court agreed, but it enjoined the state from enforcing the law against individuals who acted in reliance on the court's judgment to lawfully acquire magazines before the court entered that limited stay. *Duncan v. Becerra*, 2019 WL 1510340, at *3 (S.D. Cal. Apr. 4, 2019).

Back on appeal, a divided panel of this Court affirmed, holding that California's "near-categorical ban" on acquiring and possessing magazines in common use by law- abiding citizens for lawful purposes "strikes at the core … right to armed self-defense" and violates the Second Amendment under both strict and intermediate scrutiny. *Duncan v. Becerra*, 970 F.3d 1133, 1140, 1164-68 (9th Cir. 2020). A majority of active judges, however, voted to rehear the case en banc. *Duncan v. Becerra*, 988 F.3d 1209 (9th Cir. 2021) (mem.).

On November 30, 2021, a divided en banc panel reversed and remanded for entry of judgment for the state. *Duncan v. Bonta*, 19 F.4th 1087 (9th Cir. 2021) (en banc); *see also id.* at 1140 (Bumatay, J., joined by Ikuta and Nelson, dissenting); *id.* at 1159 (VanDyke, J., dissenting). But, on Plaintiffs' unopposed motion, the en banc Court unanimously stayed the mandate as it related to the possession ban pending certiorari to the Supreme Court. 19-55376.Dkt.193.

Not long thereafter, the Supreme Court decided *New York State Rifle and Pistol Association v. Bruen*, 597 U.S. 1 (2022), clarifying the appropriate framework

5

for deciding Second Amendment challenges, and then granted certiorari of this Court's en banc decision, vacated the judgment, and remanded for further consideration in light of *Bruen*. *Duncan v. Bonta*, 142 S.Ct. 2895 (June 30, 2022). This Court, in turn, remanded the case to the district court to reconsider its decision in light of *Bruen*. *Duncan v. Bonta*, 49 F.4th 1228 (9th Cir. 2022) (en banc) (mem.).

On remand, the district court again granted summary judgment to Plaintiffs and permanently enjoined the state from enforcing its magazine ban. *Duncan v. Bonta*, 695 F.Supp.3d 1206 (S.D. Cal. 2023). The state appealed, and this Court immediately reconvened an en banc panel and granted an emergency stay pending its resolution of the matter. *Duncan v. Bonta*, 83 F.4th 803 (9th Cir. 2023) (en banc) (order). But, once again, the state did not seek, and this Court did not grant, a stay of the injunction with respect to the retroactive aspect of the possession ban. *See id.* at 805.

On March 20, 2025, a divided en banc panel reversed and remanded for entry of judgment for the state. *Duncan v. Bonta*, --- F.4th ---, 2025 WL 867583 (9th Cir. Mar. 20, 2025) (en banc). Judges Ikuta, Nelson, Bumatay, and VanDyke dissented. *Id.* at *28-29 (Nelson, J., dissenting); *id.* at *29-47 (Bumatay, J., joined by Ikuta, Nelson, VanDyke, dissenting); *id.* at *47-58 (VanDyke, J., dissenting).

Plaintiffs intend to file a timely petition for writ of certiorari in the Supreme Court seeking review of both the Second Amendment and the Takings Clause issues.

# ARGUMENT

To obtain a stay of the mandate, the moving party must show that its "petition would present a substantial question and that there is good cause for a stay." Fed. R. App. P. 41(d)(1). While the Court may deny a request to stay the mandate if it "determines that the petition for certiorari would be frivolous or filed merely for delay," 9th Cir. Rule 41-1; *see also United States v. Pete*, 525 F.3d 844, 851 n.9 (9th Cir. 2008), a movant "need not demonstrate that exceptional circumstances justify a stay," *Bryant v. Ford Motor Co.*, 886 F.2d 1526, 1528 (9th Cir. 1989). It is enough that the petition will present a substantial question and that there is good cause.

Both requirements are readily satisfied here. Multiple Supreme Court Justices have already recognized the substantiality of the questions presented, as has a bevy of litigants whose petitions for certiorari addressing the precise questions implicated here are pending now before the Supreme Court. And good cause plainly exists as to the ban's retrospective and confiscatory aspects because law-abiding citizens should not be forced to dispossess themselves of their lawfully acquired magazines before the Supreme Court can consider whether the Constitution permits that result. Plaintiffs therefore ask the Court to stay its mandate as to the relief that has remained in place throughout this appeal, as the Court did before. In the alternative, and at the very least, the Court should enter an administrative stay to give Plaintiffs time to seek interim relief from the Supreme Court.

## I. This Case Once Again Presents Substantial Questions.

While Plaintiffs appreciate that the en banc panel concluded that the state's magazine ban is constitutional, there can be no serious dispute that the constitutional questions this case presents are substantial. Those questions divided the panel that affirmed the preliminary injunction; they divided the panel that affirmed the final judgment; they divided this Court in twice granting en banc review; and they generated eleven separate opinions across the two en banc proceedings. Of the 15 judges on this Court to consider this case, seven have embraced Plaintiffs' arguments in whole or in part. That alone should satisfy the substantiality standard.

On top of that, the last time this en banc Court blessed California's law, it recognized the substantial need for a partial stay—and nothing has changed in the past two years that would counsel a different approach now. On the contrary, the need for a stay has only become stronger, as numerous petitions are currently before the Supreme Court that address the exact issues implicated in this case. *See Ocean State Tactical v. Rhode Island*, No. 24-131 (U.S.); *Snope v. Brown*, No. 24-203 (U.S.); *Hanson v. District of Columbia*, No. 24-936 (U.S.). The first two petitions have been fully briefed since November 25, 2024, but the Court has yet to act on them. The third, *Hanson*, is in the midst of certiorari-stage briefing. To permit this Court's mandate to take effect even as to the ban's retroactive aspect while the Supreme Court considers those cases (and this one) would make little sense.

That is all the more true given that the questions of whether magazines capable of accepting more than ten rounds of ammunition are "Arms" protected by the Second Amendment, and whether this Nation's history of firearm regulation supports bans like California's, have been the subject of substantial disagreement in this Court and others (including in this very case). *See, e.g.*, *Duncan*, 2025 WL 867583, at *30 (Bumatay, J., joined by Ikuta, Nelson, VanDyke, dissenting) ("[N]either the text of the Second Amendment nor our country's historical tradition of firearm regulation supports California's magazine ban."); *Bianchi v. Brown*, 111 F.4th 438, 483 (4th Cir. 2024) (Richardson, J., joined by Niemeyer, Agee, Quattlebaum, Rushing, dissenting); *Hanson v. District of Columbia*, 120 F.4th 223, 251 (D.C. Cir. 2024) (Walker, J., dissenting) ("In ... *Heller*, the Supreme Court held that the government cannot categorically ban an arm in common use for lawful purposes. Magazines holding more than ten rounds of ammunition are arms in common use for lawful purposes. Therefore, the government cannot ban them.").

Multiple Justices have also expressed skepticism over the approach taken by this Court's opinion (and others like it) and a need to provide more guidance on *Bruen*'s two-step analysis. While the Supreme Court recently denied certiorari in *Harrel v. Raoul*, 144 S.Ct. 2491 (2024), for example, Justice Alito would have granted the petition, and Justice Thomas wrote separately to question how any circuit "could have concluded that the most widely owned semiautomatic rifles [and

magazines] are not 'Arms' protected by the Second Amendment," because they are too dangerous, and to urge the Court to provide a more "comprehensive framework for evaluating … what makes a weapon … 'dangerous,' or 'unusual'" in the constitutional sense. *Id.* at 2492-93. This case implicates exactly those concerns. And this case is unique among the magazine cases pending before the Court, as it alone arises from a final judgment.

The Takings Clause question is substantial as well. Just a few Terms past, the Supreme Court reversed a decision from this Court on the ground that a regulation authorizing even a temporary "invasion[]" of a property owner's rights—and even if not by the government itself—can be a per se taking. *See Cedar Point Nursery v. Hassid*, 594 U.S. 139 (2021). That decision reinforces the conclusion that compelling citizens to destroy, surrender, sell, or permanently modify their lawfully acquired property with no offer or promise of compensation presents serious concerns under the Takings Clause.

## II. Good Cause Once Again Supports Partially Staying The Mandate.

Just as it did before *Bruen*, good cause once again supports staying issuance of the mandate as to the retrospective and confiscatory possession ban while Plaintiffs seek Supreme Court review. California's ban has never been enforced against individuals who lawfully acquired now-banned magazines when it was permissible to do so. That aspect of the ban was preliminarily enjoined before it was

scheduled to take effect; a panel of this Court affirmed that preliminary injunction; and the state twice declined to ask the district court (or this Court) to stay that aspect of its ruling. Plus, after the en banc Court's earlier reversal pre-*Bruen*, this Court stayed the issuance of its mandate pending certiorari as applied to the possession ban. The net effect of those status-quo-preserving decisions is that, if this aspect of the ban were to take effect now, Plaintiffs—and every other similarly situated Californian—would for the first time be required to physically dispossess themselves of their lawfully acquired (and, they submit, constitutionally protected) property immediately or face criminal prosecution.

That is good cause and then some. It is "well established" that any "deprivation of constitutional rights 'unquestionably constitutes irreparable injury.'" *Melendres v. Arpaio*, 695 F.3d 990, 1002 (9th Cir. 2012) (quoting *Elrod v. Burns*, 427 U.S. 347, 373 (1976)). And the harm here is irreparable twice over, as California's law not only prohibits Plaintiffs from continuing to possess property that they maintain is constitutionally protected, but risks permanently dispossessing them of that property, without even providing any compensation. On top of that, "[o]nce the property is sold," surrendered, or destroyed, it "may be impossible for plaintiffs to reacquire it." *Taylor v. Westly*, 488 F.3d 1197, 1202 (9th Cir. 2007). Allowing the retroactive aspect of the ban to take effect now could thus risk

11

subjecting Plaintiffs to truly irreparable injury should the Supreme Court ultimately reverse or vacate this Court's recent en banc decision.

No countervailing interest warrants changing the status quo at this exceedingly late stage of the litigation. The state acquiesced in the district court in preserving the injunction against the retrospective and confiscatory aspects of the possession ban pending this appeal. The state presumably did so in recognition that Californians whose rights are implicated by that narrow relief are citizens who have peaceably owned the now-banned magazines without creating any public safety issues for more than 20 years. The state did not ask this Court to stay that aspect of the law. The state did not oppose Plaintiffs' request for a limited stay the last time around, and it once again does not oppose it here. This Court too presumably recognized the same when it granted a partial stay on these same grounds last time around. Unless this Court partially withholds the mandate once again, law-abiding citizens will immediately become criminals unless they hand over their lawfully acquired property for destruction or otherwise dispossess themselves of it. As before, there is simply no reason to disrupt the status quo and turn law-abiding citizens into criminals overnight, before the Supreme Court can even consider the substantial questions that Plaintiffs' forthcoming petition will present.

## CONCLUSION

For these reasons, the Court should enter a partial stay of the mandate pending the filing and disposition of Plaintiffs' forthcoming petition for writ of certiorari that maintains the relief from the possession ban that has been in place throughout this appeal. At the very least, the Court should enter an administrative stay to allow Plaintiffs to seek interim relief from the Supreme Court.

Respectfully submitted,

s/ Erin E. Murphy

| | |
|---|---|
| C.D. MICHEL | PAUL D. CLEMENT |
| ANNA M. BARVIR | ERIN E. MURPHY |
| SEAN A. BRADY | *Counsel of Record* |
| MICHEL & ASSOCIATES, P.C. | CLEMENT & MURPHY, PLLC |
| 180 East Ocean Blvd., Suite 200 | 706 Duke Street |
| Long Beach, CA 90802 | Alexandria, VA 22314 |
| (562) 216-4444 | (202) 742-8900 |
| | erin.murphy@clementmurphy.com |

*Counsel for Plaintiffs-Appellees*

April 8, 2025

# CERTIFICATE OF COMPLIANCE

I hereby certify that:

1. This motion complies with the type-volume limitation of Federal Rule of Appellate Procedure 27(d)(2)(A) because it contains 2,990 words, excluding the parts of the motion exempted by Federal Rule of Appellate Procedure 32(f).

2. This motion complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the typestyle requirements of Federal Rule of Appellate Procedure 32(a)(6) because it has been prepared in a proportionally spaced typeface using Microsoft Word 2016 in 14-point font.

April 8, 2025

s/Erin E. Murphy
Erin E. Murphy

# CERTIFICATE OF SERVICE

I hereby certify that on April 8, 2025, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the ECF system. I certify that all participants in this case are registered CM/ECF users and that service will be accomplished by the ECF system.

s/Erin E. Murphy
Erin E. Murphy
